# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CHEETAH GAS CO., LTD., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3237 |
| | § | |
| CHESAPEAKE LOUISIANA, L.P., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Partial Summary Judgment ("Plaintiff's Motion") [Doc. # 11] filed by Plaintiff Cheetah Gas Co. Ltd. ("Cheetah"), to which Defendants Chesapeake Louisiana, L.P. and Chesapeake Operating, Inc. (collectively, "Chesapeake") filed a Response [Doc. # 18] in opposition, and Cheetah filed a Reply [Doc. # 54]. Also pending is the Motion for Summary Judgment ("Defendants' Motion") [Doc. # 14] filed by Chesapeake, to which Cheetah filed a Response [Doc. # 22], and Chesapeake filed a Reply [Doc. # 53].[1] Cheetah also filed a "Sur-Reply in Connection With Statute of Frauds Defense" [Doc. # 81]. The Court

---

[1] Plaintiff filed a Motion to Strike the Affidavit of Donald Taylor [Doc. # 52], arguing that Taylor is an oil and gas lawyer whose affidavit contains "pure legal conclusions and statements of advocacy." Defendants filed a Response [Doc. # 59]. The Court has conducted its own legal research and has not considered any legal conclusions in Taylor's Affidavit. As a result, the request to strike the affidavit is moot.

has carefully reviewed the full record and has applied the governing legal standards. The Court **denies** Plaintiff's Motion and **grants** Defendants' Motion, entering summary judgment in favor of Defendants on Plaintiff's breach of contract claim.[2]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Cheetah is a Texas company that owns mineral leases in Louisiana. In 2008, the parties engaged in negotiations for Cheetah to assign to Chesapeake certain oil and gas leases owned by Cheetah. In August 2008, the parties signed an "Agreement to Purchase Oil and Gas Leases" ("Caddo Agreement") involving leases in Caddo Parish, Louisiana. *See* Caddo Agreement, Exh. 7 to Declaration of Peter Duke Huddleston, attached to Plaintiff's Motion. In September 2008, the parties signed an "Agreement to Purchase Oil and Gas Leases" ("DeSoto Agreement") involving leases in DeSoto Parish, Louisiana. *See* DeSoto Agreement, Exh. 8 to Huddleston Declaration.

Plaintiff alleges that Defendants refused to comply with their contractual obligation to pay for and accept assignment of the leases. Plaintiff filed this lawsuit,

---

[2] When the two pending motions for summary judgment were filed, the breach of contract claim was Plaintiff's only claim. Since then, Plaintiff has filed a Second Amended Complaint [Doc. # 58], adding claims for reformation and for promissory fraud. Consequently, although the Court will enter summary judgment in Defendants' favor on the breach of contract claim, the new claims from the Second Amended Complaint remain pending and are the subject of Defendants' Motion to Dismiss [Doc. # 60], filed February 10, 2009.

asserting a breach of contract claim against Defendants. Plaintiff in its Motion seeks summary judgment on Defendants' liability for breach of contract. Defendants in their Motion argue that they are entitled to summary judgment because the Agreements fail to identify with reasonable certainty the oil and gas interests being assigned and, therefore, the claim is barred by the statute of frauds. The motions have been fully briefed and are ripe for decision.

## II.  STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

### III.   ANALYSIS

#### A.   Statute of Frauds Requirement for Adequate Description of Property

Under Texas law, a conveyance of an interest in real property is not enforceable by specific performance or damages if it does not comply with the statute of frauds. *See, e.g., Haase v. Glazner*, 62 S.W.3d 795, 798-99 (Tex. 2001); *Fears v. Texas Bank*, 247 S.W.3d 729, 736 (Tex. App. -- Texarkana 2008). Oil and gas interests are real property and, therefore, contracts to transfer or assign such leases are subject to the statute of frauds. *See Long Trusts v. Griffin*, 222 S.W.3d 412, 416 (Tex. 2006).

To avoid the statute of frauds bar, a contract involving the transfer or assignment of oil and gas leases "must furnish within itself, or by reference to some other existing writing, the means or data by which the [property] to be conveyed may be identified with reasonable certainty." *Id.* (quoting *Morrow v. Shotwell,* 477 S.W.2d 538, 539 (Tex. 1972)). Extrinsic evidence may be used only to identify the property from the data in the contract; it may not be used to supply the location or to clarify the description of the property. *See id.* (citing *Pick v. Bartel,* 659 S.W.2d 636, 637 (Tex. 1983)). Public real property records, surveys, and similar documents can be considered only if they are attached to or referenced in the contract. *See Reiland v. Patrick Thomas Properties, Inc.*, 213 S.W.3d 431, 437-38 (Tex. App. -- Houston [1st Dist.] 2006).

"A description's validity under the statute of frauds is not affected by the knowledge or intent of the parties." *Fears*, 247 S.W.3d at 736 (citing *Morrow,* 477 S.W.2d at 540). This is true even where it is clear that the parties knew and understood what property they were intending to convey. *See Reiland*, 213 S.W.3d at 437 (citing *Morrow*, 477 S.W.2d at 540).

### B.  Contracts At Issue

The Caddo Agreement purports to assign "all of Cheetah's right, title, and interest below the depths of the producing formations in and to the oil and gas leases

covering units described on Exhibit B" subject to certain terms and conditions. *See* Caddo Agreement, p. 1. Exhibit B lists contains columns labeled "Unit," "Legal," "Gross," "Net," "WI," and "NRI." *See id.*, Exh. B. The Term Assignment, Exhibit A to the Caddo Agreement, provides that the assignment is "effective only as to the land included in the 'Assigned Premises' described" in the Term Assignment. *See id.*, Exh. A, p. 1. The "Assigned Premises" are described in the Term Assignment as "640 acres (more or less) in T17N-R16W, Caddo Parish, Louisiana ***as described more specifically in Exhibit A attached hereto***." *Id.* (emphasis added). There is no "Exhibit A" attached to the Term Assignment.

The DeSoto Agreement purports to assign "all of Cheetah's right, title and interest below the depths of the producing formations in and to the oil and gas leases covering acreage owned by Cheetah in Section 9-14N-13W, DeSoto Parish" subject to certain terms and conditions. *See* DeSoto Agreement, p. 1. The assignment is only for the area "below the depths of the base of the Lower Cotton Valley (to be specified by the Assignment). *Id.* The Term Assignment, attached to the DeSoto Agreement, provides that it is effective "only as to the land included in the 'Assigned Premises' described herein" and that the assignment is "effective only for the oil and gas in the Assigned Premises." *Id.*, Term Assignment, p. 1. The "Assigned Premises" are defined as "473.6 acres (more or less) in Section 9-T14N-R13W, DeSoto Parish,

Louisiana ***as described more specifically in Exhibit A attached hereto***." *Id.* (emphasis added). There is no Exhibit A attached to the Term Assignment. The "Assigned Premises" also limits the assignment to "all depths below the base of the Lower Cotton Valley formation." *Id.*

In each Agreement, the assignment is limited to a property as "more specifically" defined in an Exhibit A that is not attached to the Agreement. Although each agreement contains a description of the property,[3] the Agreements provide unequivocally that the assignments are limited to and cover only property described more specifically in a nonexistent document. It is impossible from the Agreements to determine how and to what extent the more specific description in the missing Exhibit A limits or alters the description of the property to be assigned. Consequently, the Agreements do not contain an adequate description for purposes of the statute of frauds.

---

[3]   Plaintiff argues that the property is described in the Agreements with sufficient clarity for anyone who understands the highly complicated Public Land Survey System in Louisiana and who has access to public land records and other extrinsic documents not mentioned in the Agreements. It is unlikely that the property descriptions in the Agreements would satisfy the statute of frauds under other circumstances. However, it is clear that the property descriptions in the Agreements -- however clear they may be when reviewed together with extrinsic evidence not referenced in the Agreements – are modified by the missing "Exhibit A" and, as a result, the actual description as limited or modified by Exhibit A cannot be determined from the Agreements.

Plaintiff relies heavily on well-established law in Texas that an agreement to convey "all my property" within a defined area is sufficient to satisfy the requirements of the statute of frauds. *See* Response [Doc. # 22], pp. 15-16 (citing Texas cases dating back to 1881). While Plaintiff correctly states the law in Texas, the Agreements in this case do not state that Cheetah is assigning all of its property. Instead, the Agreements provide that Cheetah will assign all its interest in certain properties specifically described in the missing Exhibit A. As a result, the "all my property" legal authorities do not apply in this case.

## IV.   CONCLUSION AND ORDER

The Agreements on which Plaintiff bases its breach of contract claim do not describe the subject leases with adequate certainty to avoid the statute of frauds bar. Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 14] is **GRANTED** and Plaintiff's Motion for Partial Summary Judgment [Doc. # 11] is **DENIED**. Summary judgment on Plaintiff's breach of contract claim is entered in favor of Defendants. It is further

**ORDERED** that Plaintiff's Motion to Strike the Affidavit of Donald Taylor [Doc. # 52] is **DENIED AS MOOT**.

SIGNED at Houston, Texas, this **19th** day of **February, 2009**.

Nancy F. Atlas
United States District Judge