**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHEETAH GAS CO., LTD., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3237 |
| | § | |
| CHESAPEAKE LOUISIANA, L.P., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Rule 12(b)(6) Motion to Dismiss ("Motion") [Doc. # 60] filed by Defendants Chesapeake Louisiana, L.P. and Chesapeake Operating, Inc. (collectively, "Chesapeake"). Plaintiff Cheetah Gas Co. Ltd. ("Cheetah") filed a Response [Doc. # 80] in opposition, and Chesapeake filed a Reply [Doc. # 84]. Having carefully reviewed the record in this case and having applied the governing legal standards, the Court **denies** Defendants' Motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Cheetah is a Texas company that owns mineral leases in Louisiana. In 2008, the parties engaged in negotiations for Cheetah to assign to Chesapeake certain oil and gas leases owned by Cheetah. In August 2008, the parties signed an "Agreement to Purchase Oil and Gas Leases" ("Caddo Agreement") involving leases in Caddo Parish, Louisiana. In September 2008, the parties signed an "Agreement to Purchase

Oil and Gas Leases" ("DeSoto Agreement") involving leases in DeSoto Parish, Louisiana.

Plaintiff filed this lawsuit asserting a breach of contract claim against Defendants. The Court granted Defendants' Motion for Summary Judgment on that claim because the Agreements failed to describe the leases with sufficient clarity to satisfy the statute of frauds and, therefore, there were no binding contracts for Chesapeake to purchase the leases from Cheetah. *See* Memorandum and Order [Doc. # 83] entered February 19, 2009.

Prior to the Court's ruling on the summary judgment motion, Plaintiff requested and obtained leave to file a Second Amended Complaint [Doc. # 58] adding claims for reformation and promissory fraud.[1] Defendants moved to dismiss these two new claims, arguing that they are improper attempts to avoid the statute of frauds bar. The Motion has been fully briefed and is ripe for decision.

## II. STANDARD FOR MOTION TO DISMISS

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *See*

---

[1] The parties brief whether Plaintiff can pursue a fraudulent inducement claim under Texas law. *See, e.g.*, Motion, p. 4; Response, pp. 10-11. Plaintiff did not assert a cause of action for fraudulent inducement. Moreover, Texas law does not permit a claim for fraudulent inducement where, as here, there is no binding contract. *See Haase v. Glazner*, 62 S.W.3d 795, 800 (Tex. 2001).

*Hall v. Hodgkins*, 2008 WL 5352000, \*2 (5th Cir. Dec. 23, 2008); *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004) (citing *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). The complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts must be accepted as true. *See Erickson v. Pardus*, 551 U.S. 89, __, 127 S. Ct. 2197, 2200 (2007) (internal citations omitted)). A claim may be dismissed only if the plaintiff is not entitled to relief under any set of facts or any possible theory of recovery that he could prove consistent with the allegations in his complaint. *Priester*, 354 F.3d at 418 (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S. Ct. 1955, 1965 (2007).

### III. ANALYSIS

#### A. Reformation Claim

"The statute of frauds . . . is no bar to the reformation of a contract for the sale of land where the parties had an agreement and by their mutual mistake failed to state the agreement in the writing." *Nat'l Resort Communities, Inc. v. Cain*, 526 S.W.2d 510, 513 (Tex. 1975); *see also Lubel v. J.H. Uptmore & Assoc.*, 680 S.W.2d 518, 520 (Tex. App. -- San Antonio 1984, no pet.). To obtain reformation of a contract

otherwise barred by the statute of frauds, the plaintiff must show by "strong evidence" (1) that the parties intended to describe a particular and identified lease or piece of property in their contract and (2) that the parties, through a mutual mistake, erroneously wrote or omitted the agreed-upon description. *See Nat'l Resort*, 526 S.W.2d at 513-14; *Lubel*, 680 S.W.2d at 520.

In this case, Plaintiff alleges that the parties agreed to "particular and identified leasehold interests" and intended for the Agreements to describe those lease interests adequately. *See* Second Amended Complaint [Doc. # 58], p. 6. Plaintiff also alleges that the parties, through mutual mistake, failed to describe the property adequately "due to a mistake as to the contents" of the writing.[2] *See id.* Plaintiff, even after an adequate time for discovery, may not be able to present "strong evidence" to support its allegations, but it has adequately pled the elements of a reformation claim in connection with contracts that are unenforceable under the statute of frauds. The Court denies Defendants' Motion as to the reformation claim.

### B.   Fraud Claim

The elements of a fraud claim under Texas law are: (1) a material representation; (2) that was false when made; (3) the speaker knew it was false or

---

[2]   The Court held that the Agreements were unenforceable under the Statute of Frauds because the lease description in each Agreement was limited by an exhibit that was not attached.

made it without knowledge of its truth or falsity; (4) the speaker intended that the representation be relied upon; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff was injured as a result.  *See Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 563 n.3 (5th Cir. 2002) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)).  A promise of future performance can constitute fraud only if "the promise was made with no intention of performing at the time it was made."  *Formosa*, 960 S.W.2d at 48.

Defendants argue that Plaintiff fails to plead its fraud claim with sufficient particularity to satisfy the requirements of the Federal Rules of Civil Procedure. Rule 9 of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant Cty. Narcotics Intelligence Unit*, 507 U.S. 163, 168-69 (1993); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).  While fraud must be plead with particularity, it "may be pleaded without long or highly detailed particularity."  *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 632 (5th Cir. 1999).

Plaintiff alleges that Chesapeake represented between the summer of 2008 and October 2008 that it would purchase certain leases from Cheetah pursuant to binding Agreements between the parties.  *See* Second Amended Complaint, pp. 4, 6.  Plaintiff

alleges that Defendants, at the time they represented they would purchase the leases, intended not to complete the purchase but intended, instead, to "tie up the leases" by making representations that they did not intend to honor. *See id.* at 6. Plaintiff alleges that Defendants intended it to rely on the representation, and that it relied on Defendants' representations by "taking the leases off the market" and declining opportunities to sell assignments of the leases to other prospective purchasers, including EXCO Resources and Petrohawk. *See id.* at 6-7. Plaintiff alleges that it suffered damages as a result of Defendants' fraud. *See id.* at 7. Plaintiff has adequately pled its fraud claim and the Motion to Dismiss is denied.

Plaintiff seeks to recover, inter alia, "benefit of the bargain damages" as well as the profits it could have earned by assigning the leases to EXCO Resources or Petrohawk. *See id.* at 7. The "Statute of Frauds bars a fraud claim to the extent the plaintiff seeks to recover as damages the benefit of the bargain that cannot otherwise be enforced because it fails to comply with the Statute of Frauds." *Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex. 2001). The fraud claim is not necessarily barred by the statute of frauds, however, "to the extent [the plaintiff] seeks out-of-pocket damages incurred in relying upon" the defendant's misrepresentations. *Id.* Here, Plaintiff may seek to recover out-of-pocket expenses and other losses that are not based on what Plaintiff would have received had the Agreements been enforceable.

## IV.    CONCLUSION AND ORDER

Plaintiff has adequately alleged claims for reformation and fraud.  Plaintiff cannot recover its "benefit of the bargain" damages, but could -- if successful -- recover its out-of-pocket expenses and other losses separate from what it would have obtained had its Agreements with Chesapeake been enforceable.  As a result, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 60] is **DENIED**.

SIGNED at Houston, Texas, this **25th** day of **February, 2009**.

_____
Nancy F. Atlas
United States District Judge