# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CHEETAH GAS CO., LTD., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3237 |
| | § | |
| CHESAPEAKE LOUISIANA, L.P., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Reconsideration ("Motion") [Doc. # 85] filed by Plaintiff Cheetah Gas Co. Ltd. ("Cheetah"), to which Defendants Chesapeake Louisiana, L.P. and Chesapeake Operating, Inc. (collectively, "Chesapeake") filed a Response [Doc. # 87] in opposition, and Cheetah filed a Reply [Doc. # 88]. Based on its review of the record and the application of governing legal standards, the Court **denies** Plaintiff's Motion.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The factual background of this case was set forth fully in the Court's Memorandum and Order [Doc. # 83] entered February 19, 2009. Briefly, Cheetah and Chesapeake signed two Agreements for Chesapeake to purchase oil and gas leases owned by Cheetah.

Plaintiff filed this lawsuit, alleging that Defendants refused to comply with their contractual obligation to pay for and accept assignment of the leases. Defendants filed a Motion for Summary Judgment, in which they argued that the Agreements fail to identify with reasonable certainty the oil and gas interests being assigned and, therefore, enforcement of the Agreements is barred by the statute of frauds. The Court agreed and granted summary judgment in favor of Defendants on the breach of contract claim.

Plaintiff then filed this Motion for Reconsideration. In the Motion, Plaintiff argues that the Court improperly gave controlling effect to part of the Agreements, the Court erred by concluding that the Agreements did not refer to the extensive extrinsic evidence on which Plaintiff relied, and that the Court's decision "substantially undermines established oil and gas conveyance practices." The Motion has been fully briefed and is ripe for decision.

## II.   ANALYSIS

"A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). This type of motion "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581

(5th Cir. 2002). Rule 59(e) motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued [and] cannot be used to argue a case under a new legal theory." *Id.* Importantly, a "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and Plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Texas Rangers*, 2005 WL 1420846, *2 (W.D. Tex. June 14, 2005). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

Plaintiff first argues that the Court erred by giving controlling weight to part of the Agreements rather than "reading all provisions together." The February 19, 2009 Memorandum and Order reveals clearly, however, that the Court considered both Agreements in their entirety and applied governing legal principles to determine whether the Agreements satisfied the requirements of the statute of frauds. As explained in the February 19, 2009, Memorandum and Order, each Agreement contained language limiting the description of the "Assigned Premises" to property "***as described more specifically in Exhibit A attached hereto***" although there was no Exhibit A attached to either Assignment. Plaintiff also reasserts its "all my property"

argument, which the Court previously considered and rejected because the Agreements in this case do not state that Cheetah is assigning all of its property.

Plaintiff next argues that the Court erred when it did not consider the voluminous extrinsic evidence proffered in an attempt to create an adequate description of the leases. Specifically, Plaintiff again relies on the previously rejected "all my property" line of cases. Plaintiff also reargues that Exhibit B to one of the Agreements, when considered together with extensive public land records and other documents not mentioned in the Agreements, adequately described the leases covered by that Agreement for purposes of the statute of frauds. This argument was addressed and rejected in the February 19, 2009 Memorandum and Order. As noted in the Court's prior decision, public real property records, surveys, and similar documents can be considered only if they are attached to or referenced in the contract. *See Reiland v. Patrick Thomas Properties, Inc.*, 213 S.W.3d 431, 437-38 (Tex. App. -- Houston [1st Dist.] 2006).

Plaintiff's third argument is that the Court's prior ruling "substantially undermines established oil and gas conveyance practices" and that the "parties here did the best that could be done." The Court is required to apply governing legal authorities to the facts presented by the parties in the case. It may be that the application of governing legal authorities requires attorneys engaged in assignment

of oil and gas leases to draft new forms for those assignments to comply with the requirements of the statute of frauds. It may be that the parties here did the best job they could. These are not, however, proper considerations for the Court and are certainly not a basis for the Court to ignore well-established, binding legal precedent regarding the statute of frauds.

## III.   CONCLUSION AND ORDER

Plaintiff has not demonstrated a manifest error of law in the Court's prior Memorandum and Order granting summary judgment for Defendants on the breach of contract claim. As a result, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration [Doc. # 85] is **DENIED**.

SIGNED at Houston, Texas, this **27th** day of **February, 2009**.

_____
Nancy F. Atlas
United States District Judge